UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID E. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-850 CAS |
| ) | |
| LACLEDE GAS COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Laclede Gas Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for insufficiency of process and insufficiency of service of process. Plaintiff did not respond to the motion. For the following reasons, defendant's motion will be denied without prejudice and the attempted service on defendant will be quashed.

**I. Background**

Plaintiff David Walker filed this action against defendant Laclede Gas Company for employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Laclede Gas filed a motion to dismiss pursuant to Rule 12(b)(4) and (5), Fed. R. Civ. P., for insufficiency of process and insufficiency of service of process. Laclede Gas received an unsigned Complaint, along with an unsigned Notice of Intent to Use Private Process Server and an unsigned Original Filing Form from an unknown female on June 6, 2005. Laclede Gas contends that it did not receive a summons or a request to waive service. Further, Laclede Gas asserts that plaintiff attempted service on a person not authorized to accept service, attorney Judith

L. Garner. The Notice of Intent to Use Private Process Server instructs the process server to serve Judiff Garner as a defendant. Plaintiff did not file a response to defendant's motion.

**II. Standard**

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. Adams v. Alliedsignal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (citing Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993)). The burden of proof lies with the party raising a challenge to the sufficiency of service of process. 2 Moore's Federal Practice § 12.33[1] (3d. ed. 2005); Bally Export Corp. v. Ballicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986).

Rule 4(h) of the Federal Rules of Civil Procedure states in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . shall be effected: (1) in a judicial district of the United States in the manner prescribed by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . .

FED. R. CIV. P. 4(h)(1). Laclede Gas asserts that on June 6, 2005, it received an unsigned Complaint along with an unsigned Notice of Intent to Use Process Server and an unsigned Original Filing Form, hand-delivered by an unknown female. (Garner Aff. ¶ 2). Laclede Gas contends that it did not receive a summons or a request to waive service. (Garner Aff. ¶¶ 3,4). Plaintiff has not contested defendant's assertions. Therefore, the process was insufficient under Rule 4.

Also, Laclede Gas contends that service of process was insufficient because plaintiff attempted to serve an individual not designated as an agent to receive service on behalf of Laclede Gas Company pursuant to Rule 4(h)(1), Fed. R. Civ. P. or Rule 54.13(b)(3), Mo. R. Civ. P. Attorney Garner asserts that she is not an officer, managing agent, or general agent of Laclede Gas. (Garner Aff. ¶ 5). Further, Garner states that she is not authorized by appointment or by law to receive

2

service of process on behalf of Laclede Gas and that the authorized agent for receipt of service is Mary C. Kullman, Chief Governance Officer and Secretary. (Garner ¶¶ 5,6). Plaintiff does not contest that service was not had on someone designated to receive service on behalf of Laclede Gas. Therefore, there was insufficiency of service of process in this case.

The Court, however, will not dismiss the case. In a situation such as this, the Court has discretion to either dismiss the action or quash service and retain the case. Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) (citing Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam)). The initial 120-day period provided by Rule 4(m), Fed. R. Civ. P., to serve defendant has not passed and defendant will not be prejudiced by denial of the motion to dismiss. Service on defendant Laclede Gas will be quashed. The filing date of the complaint was May 26, 2005. Plaintiff must effect proper service within 120 days of the filing date of the complaint and file proof of service. If plaintiff does not effect proper service pursuant to Rule 4, Fed. R. Civ. P., the Court will dismiss plaintiff's case without prejudice without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **DENIED without prejudice**. [Doc. 5]

**IT IS FURTHER ORDERED** that the service of process on Laclede Gas Company by attempted service on attorney Judith Garner is **QUASHED**.

**IT IS FURTHER ORDERED** that plaintiff shall serve defendant Laclede Gas Company within 120 days of the filing date of the complaint and shall file proof of service.

**IT IS FURTHER ORDERED** that if plaintiff does not effect proper service upon defendant, plaintiff's complaint will be dismissed without prejudice without further notice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of July, 2005.